IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                                                         No.  04-40154-01-SAC

PAUL PADILLA-RODRIGUEZ,

                Defendant.

MEMORANDUM AND ORDER

       Charged in a two-count indictment with illegal reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), and with possession with the intent to distribute approximately 42 pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1), the defendant Paul Padilla-Rodriguez pleaded guilty to aggravated illegal reentry.  The presentence report ("PSR") recommends a Guideline sentencing range of 70 to 87 months from a criminal history category of five and a total offense level of 21 based on the following calculations:  a base offense level of 8 pursuant to U.S.S.G. § 2L1.2, a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) for a prior felony

drug trafficking conviction, and a three-level acceptance of responsibility adjustment pursuant to U.S.S.G. § 3E1.1.  The addendum to the PSR reflects the defendant has two unresolved objections to which the government has submitted no written response. The defendant has filed no additional sentencing memorandum in support of his objections.

**Defendant's First Objection:** The defendant objects to his criminal history score arguing that his prior sentences described in ¶¶ 28, 31, and 33 of the PSR are related and should be treated as one sentence.  Specifically, he contends the cases were consolidated on November 3, 1993, and he was sentenced in each case to a three-year concurrent sentence.

    **Ruling**: "Prior sentences imposed in unrelated cases are to be counted separately," while "[p]rior sentences imposed in related cases are to be treated as one sentence." U.S.S.G. § 4A1.2(a)(2).  Prior sentences are "related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment n. 3; see *United States v. Humphries*, 429 F.3d 1275, 1276 (10th Cir. 2005).  In addition, the prior sentences are not related if "separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)." *Id*.

The defendant's offenses in ¶¶ 28 and 31 for which he received sentences exceeding one year as calculated pursuant to U.S.S.G. § 4A1.2(k) are separated from his offense in ¶ 33 by his intervening arrest on that latter offense which was committed in September of 1993. *See United States v. Wilson*, 41 F.3d 1403, 1405 (10th Cir. 1994) (holding that, where the defendant was arrested for the first offense before he committed the second, "the fact that the sentences for these two different crimes were imposed by the same court on the same date does not convert these two convictions into related cases within the meaning of U.S.S.G. § 4A1.2(a)(2)"). The defendant's objection for related offenses is overruled.

**Defendant's Second Objection:** The defendant summarily objects to the inherent unfairness of imposing for the same prior felony drug trafficking conviction both a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) and three criminal history points pursuant to U.S.S.G. § 4A1.1(a).

**Ruling**: When necessary to prevent double counting, sentencing courts generally do not use a prior sentence in criminal history calculations if the same conviction or sentence was used in offense level calculations. *United States v. Wilson*, 416 F.3d 1164, 1168 (10th Cir. 2005). The Guidelines expressly contemplate a prior conviction being considered both in the offense level calculations under § 2L1.2(b) and for criminal history points under Chapter Four.

*See* U.S.S.G. § 2L1.2, comment. (n. 6) ("A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History)."). Courts uniformly have rejected arguments of double counting or unfairness in considering a conviction under both of these provisions. *United States v. Martinez*, 434 F.3d 1318, 1323 (11th Cir. 2006); *United States v. Romero*, 149 Fed. Appx. 473, 475, 2005 WL 2030712 at *1 (7th Cir. 2005); *United States v. Dyck*, 334 F.3d 736, 740 (8th Cir. 2003); *United States v. Carrasco*, 313 F.3d 750, 757 (2nd Cir. 2002). A prior conviction is considered under Chapter Four in order "to punish likely recidivists more severely," while under § 2L1.2 "the enhancement is designed to deter aliens who have been convicted of a felony from re-entering the United States." *United States v. Adeleke*, 968 F.2d 1159, 1161 (11th Cir. 1992); *see also United States v. Carrasco*, 313 F.3d at 757. Because the prior convictions are considered for divergent and distinct purposes under those provisions, the defendant has no viable complaint about double counting or unfairness. *See United States v. Jones*, 332 F.3d 1294, 1303 (10th Cir.), *cert. denied*, 540 U.S. 977 (2003). The defendant's objection is overruled.

       IT IS THEREFORE ORDERED that the defendant's objections to the PSR are overruled.

Dated this 7th day of March, 2006, Topeka, Kansas.


                    s/ Sam A. Crow
                    Sam A. Crow, U.S. District Senior Judge