IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                                        No. 04-40154-01-SAC

PAUL PADILLA-RODRIGUEZ,

          Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to withdraw guilty plea (Dk. 64) and the defense counsel's motion to withdraw as attorney of record. (Dk. 65). At the scheduled sentencing hearing on May 3, 2006, the court granted defense counsel's oral motion for a continuance[1] and directed counsel to file written motions in regard to the defendant's oral requests to withdraw his plea and for appointment of new counsel. (Dk. 62). The defendant's motions are now filed along with the government's response (Dk. 66) in opposition. The court heard the motions on July 6, 2006, at 3:30 p.m. The defendant stood on his written motions, and the government briefly summarized its position opposing the motions. The court thereafter announced from the bench its

---

[1] This was the third time the court continued the sentencing at the defendant's request. (Dks. 53, 54, 58, and 59).

ruling that the motions were denied, that a written order reflecting this ruling and its reasons would be filed promptly, and that the defendant's sentencing hearing would be held on July 13, 2006, at 1:30 p.m.[2]  What follows is the court's order denying the motions to withdraw guilty plea and to withdraw as counsel of record.

**MOTION TO WITHDRAW GUILTY PLEA (Dk. 64)**

Dissatisfied with the Guideline sentencing range recommended in the presentence report ("PSR") and with the court's overruling of his objection to the PSR, the defendant now would "rather go to trial." (Dk. 64).  The defendant believes the Guideline sentencing range is the wrong result of double counting his prior felony drug trafficking conviction as the basis for the sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) and as part of his criminal history points.[3]  The defendant complains that he entered his plea not knowing this

---

[2]On July 10, 2006, subsequent to the hearing, the court received from the defendant personally a handwritten letter in which he lodges some objections to the PSR which he faults his attorney for not making.  *See* Court's Exhibit A.  The court will address these objections and his other arguments in subsequent footnotes.

[3]In his recent letter, the defendant complains that the PSR erroneously assesses three criminal history points for the prior sentence in ¶ 31 (No. SF74310) arguing that this was a misdemeanor conviction occurring more than ten years ago. This objection is without merit, for the defendant received a sentence of 365 days for his conviction on count two of being a felon in possession of a firearm and in November of 1993, the court revoked his probation and sentenced him to two additional years of custody.  The sentence on a revocation of probation is added to the original term of imprisonment and affects the application of the time periods

prior criminal conviction would have such a significant effect on the Guideline sentencing range.

"A guilty plea is void if it is not knowing and voluntary." *United States v. Gigley*, 213 F.3d 509, 516 (10th Cir. 2000) (citing *Parke v. Raley*, 506 U.S. 20, 28 (1992)). The plea must "represent[] a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *United States v. Carr*, 80 F.3d 413, 416 (10th Cir. 1996) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)). "[W]hile an erroneous sentence estimate does not render a plea involuntary, if an attorney 'unfairly holds out an assurance of leniency in exchange

---

laid out in U.S.S.G. § 4A1.2(e). *See* U.S.S.G. § 4A1.2(k). Consequently, the PSR correctly attributes three points to the sentence and conviction in ¶ 31 for a prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's instant offense and "that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1).

The defendant further objects for the first time in his letter that the PSR wrongly counts the prior sentences in ¶ 28 (No. CR116428), ¶ 31 (No. SF74310) and ¶ 33 (No. CR 142167) as separate sentences. The defendant contends he received concurrent sentences in all three cases on the same day. The Guidelines provide that "[p]rior sentences imposed in unrelated cases are to be counted separately" while "'[p]rior setneces imposed in related cases are to be treated as one sentence." U.S.S.G. § 4A1.2(a)(2). "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense.)" U.S.S.G. § 4A1.2, comment. (n. 3). The original offenses in all three cases are separated by intervening arrests. The PSR correctly attributes three criminal history points to these sentences, and the defense counsel exercised sound judgment in not pursuing these meritless objections to the PSR.

for a confession of guilt, the question may arise whether such assurances were coercive.'" *United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988) (quoting *Wellnitz v. Page*, 420 F.2d 935, 936 (10th Cir. 1970)).

"There is no absolute right to withdraw a guilty plea." *United States v. Rhodes*, 913 F.2d 839, 845 (10th Cir. 1990), *cert. denied*, 498 U.S. 1122 (1991); *see United States v. Vidakovich*, 911 F.2d 435, 439 (10th Cir. 1990) ("[A] defendant does not have any absolute right to withdraw his plea of guilty even though the motion is made before sentencing"), *cert. denied*, 498 U.S. 1089 (1991). Under Fed. R. Crim. P. 11(d), the district court may permit a plea to be withdrawn that has been accepted if before sentencing "the defendant can show a fair and just reason for requesting the withdrawal." A motion to withdraw a guilty plea is committed to the district court's sound discretion "to determine what circumstances justify granting" it. *United States v. Jones*, 168 F.3d 1217, 1219 (10th Cir. 1999). Even so, such motions "'should be viewed with favor," and a "'defendant should be given a great deal of latitude.'" *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000) (quoting *United States v. Rhodes*, 913 F.2d 839, 845 (10th Cir. 1990)). "This does not mean, however, that such motions are automatically granted." *Id*.

The burden rests with the defendant to establish a "fair and just

reason" for the withdrawal of his plea. *United States v. Siedlik*, 231 F.3d at 748 (citations omitted). The court evaluates seven factors in deciding whether a defendant has met his burden:

> (1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

*United States v. Sandoval*, 390 F.3d 1294, 1298 (10th Cir. 2004) (quotation marks omitted)). The defendant's written motion does not address these factors or the proof in support of them, and nothing was offered at the hearing.

*(1) Assertion of Innocence*: The defendant does not assert his innocence as a basis for withdrawing his plea. The defendant no longer desires to fulfill his plea agreement which calls for a sentence consistent with the Guidelines as calculated by the court. Instead, the defendant now wants to take his chances in front of a jury. "'[A] mere change of mind is insufficient to permit the withdrawal of a guilty plea before sentencing.'" *United States v. Glinsey*, 209 F.3d 386, 397 (5th Cir. 2000) (quoting *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990)), *cert. denied*, 531 U.S. 919 (2000). "His bare hope for acquittal is not a 'legally cognizable defense,'" nor is it an assertion of innocence. *United States v. Burk*, 36

5

F.3d 1106, 1994 WL 526709, at *2 (10th Cir. 1994) (Table). This favor weighs against the defendant.

*(2) Prejudice to the government:* The defendant does not show any lack of prejudice to the government. The withdrawal of a plea inevitably prejudices the government to some degree. *United States v. Carr*, 80 F.3d 413, 420 (10th Cir. 1996). The government argues prejudice coming from the fact that officers with the Kansas Highway Patrol and the prosecutor himself would have to turn their focus from their other pressing matters and resume work on a case thought to be completed except for sentencing. This factor also weighs against the defendant.

*(3) Delay in filing defendant's motion:* The defendant entered his plea on October 4, 2005, and withdrew his pending pretrial motions. The PSR was prepared and properly provided to the parties. The defendant's objections were considered by the Probation Office and ruled upon by this court. The defendant waited over seven months after his plea before filing his motion to withdraw.

The defendant is unable to show his delay is reasonable or justified under the circumstances. A lengthy delay in seeking withdrawal accordingly raises the standard for what could be a fair and just reason under the circumstances. *United States v. Carr*, 80 F.3d at 420; *see United States v. Vidakovich*, 911 F.2d 435, 439-40 (10th Cir. 1990) (delay of five months), *cert. denied*, 498 U.S. 1089

(1991).  Shorter delays than here have been found unreasonable by the Tenth Circuit as well as this court.  *See United States v. Gibson*, 176 F.3d 489, 1999 WL 298181 (10th Cir. 1999) (Table) (three-month delay weighed against the defendant); *United States v. Burk*, 36 F.3d 1106, 1994 WL 526709 (10th Cir. 1994) (Table) (rejected as unreasonable the defendant's explanation that he had a change of heart after six week delay prompted by his belated assessment of his sentence); *United States v. Rowzer*, 80 F. Supp. 2d 1212, 1219 (D. Kan. 1999) (delay of eight weeks is too long), *aff'd*, 18 Fed. Appx. 702 (10th Cir. 2001) ; *United States v. Stewart*, 51 F. Supp. 2d 1147, 1152 (D. Kan. 1999) (delay of six weeks unreasonable), *aff'd*, 215 F.3d 1338 (10th Cir. 2000).  This factor weighs against the defendant.

*(4) Inconvenience to the court:*  Like the prejudice to the government, the inconvenience to a court from the withdrawal of a plea "is inevitable."  *Carr*, 80 F.3d at 420.  If permitted to withdraw his plea, the defendant would be entitled to renew his pretrial motions, the hearing on which was never held but continued several times before the defendant entered his plea.  The court's docket would be inconvenienced and delays in other cases would result.  This factor weighs against the defendant.

*(5) Assistance of counsel:*  Though not satisfied with his counsel's efforts at

obtaining a more favorable calculation of the Guideline sentencing range, the defendant's criticisms do not evidence that his counsel was lacking in effort, diligence, judgment or competence. It is not enough that the defendant is disappointed with the court's ruling on his sentencing objections. At the time of his plea, the defendant did not tell the court that he was dissatisfied with his counsel's services. In his petition to enter a plea of guilty and order, signed and sworn in open court, the defendant stated: "I believe that my lawyer has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME." (Dk. 50, pp. 4-5).

The defendant denies that at the time of his plea he knew specifically how his prior drug trafficking conviction would affect the Guideline sentencing range. In his recent letter to the court sent after the hearing, the defendant now alleges that his plea agreement was based on a sentence of 36 months. The plea agreement contains no such terms and expressly disclaims any such terms. The defendant in his sworn petition to enter a plea represented that he understood that his prior criminal record could affect his sentence, and that no one had authority to make any promises, suggestions or predictions about the length of his sentence other than those reflected in the plea agreement. The plea agreement provides that the parties want the court to impose a sentence consistent with the Guideline

sentencing range determined in the PSR and that the parties would not ask for a sentence above or below this range.

The court credits the express terms of the plea agreement and the defendant's sworn statements at the change of plea hearing over the defendant's more recent unsworn and unexplained allegations. Even assuming an erroneous estimate by defense counsel, this is insufficient to justify withdrawal of the defendant's guilty plea. *See United States v. Zambrano-Sanchez*, 182 F.3d 934, 1999 WL 339694, at *3 (10th Cir. 1999). "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that" he miscalculated the likely penalty for his offense. *Brady v. United States*, 397 U.S. 742, 757 (1970). A defendant's displeasure with the unanticipated severity of his Guideline sentencing range is not a "fair and just" reason to withdraw from a guilty plea. *See United States v. Gordon*, 4 F.3d 1567, 1573 (10th Cir. 1993), *cert. denied*, 510 U.S. 1184 (1984); *United States v. Rhodes*, 913 F.2d 839, 845-46 (10th Cir. 1990). This factor also weighs against the defendant.

*(6) Voluntariness of the plea:* The defendant advances no credible argument concerning the voluntariness of his plea. "A plea may be involuntary where an attorney materially misrepresents the consequences of the plea; however, standing alone, an attorney's erroneous sentence estimate does not render a plea

involuntary." *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) (citations omitted), *cert. denied*, 126 S. Ct. 2318 (2006).  The defendant does not assert that the district court misinformed him of the statutory maximum penalty as required by Fed. R. Crim. P.  11.  That the Guideline sentencing range is higher than what may have been estimated at the time of the plea does not prove a violation of Rule 11.  *Id*. at 1100.  As set forth in the plea agreement, the defendant understood that the government could not and had not "made any promise or representation as to what sentence the defendant will receive " and that he would not be permitted to withdraw his plea just because the court imposed a sentence with which he disagreed.  (Dk. 50, Plea Agrmt ¶¶ 7 and 9).

Based on its recollection of the change of plea hearing, the court finds that the defendant's plea was the product of a voluntary, knowing and intelligent waiver of his constitutional rights. "The notion that a defendant may withdraw his guilty plea because he later feels that he made a poor decision has been flatly rejected by numerous courts." *United States v. Jones*, 168 F.3d 1217, 1220 n.1 (10th Cir. 1999).  At the change of plea hearing, the defendant indicated that no one had promised him what his eventual sentence would be.  (Dk. 50).  The court does not find the defendant's recent letter stating otherwise to be credible proof.  This factor weighs against the defendant.

*(7) Waste of judicial resources:* "[S]ome waste of judicial resources from a plea withdrawal is inevitable." *Carr*, 80 F.3d at 421. Besides the time and effort expended in this and prior proceedings that would have to be repeated, a presentence report has already been prepared and disclosed to the parties. Though the waste here is not overwhelming, this factor still weighs against the defendant.

Having weighed the credible evidence presented under the factors relevant under Tenth Circuit precedent, the court concludes that the defendant has failed to demonstrate a fair and just reason for withdrawing his plea. The court further finds that the defendant's plea was the product of his knowing, intelligent and voluntary waiver of his constitutional rights. Finally, the court determines that the defendant's dissatisfaction with the Guideline sentencing range as calculated in the PSR is not a fair and just reason. The motion is denied.

**MOTION FOR WITHDRAWAL OF DEFENSE COUNSEL (Dk. 65)**

In the motion, the defense counsel points out that the defendant believes his counsel has been ineffective in arguing for a lower sentence and in presenting his argument against double counting his prior conviction. Defense counsel offers that he has explained repeatedly the court's ruling on the double counting objection, but the defendant still disagrees. Defense counsel believes he and the defendant are unable "to communicate effectively as it relates to

defendant's prior and possible sentence." (Dk. 65, pp. 1-2).

The standards governing such a motion are as follows:

"To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987) (citation and internal quotation marks omitted). "Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney. . . rather there must be a total breakdown in communications." *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002) (citations omitted). "[T]o prove a total breakdown in communication, a defendant must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible." *Id*.
    Our cases instruct us in making this assessment to look at whether (1) the defendant's request was timely; (2) the trial court adequately inquired into defendant's reasons for making the request; (3) the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (4) the defendant substantially and unreasonably contributed to the communication breakdown. *See Romero v. Furlong*, 215 F.3d 1107, 1113 (10th Cir. 2000).

*United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir.), *cert. denied*, 126 S. Ct. 550 (2005).

The defendant's first counsel was Ron Wurtz, an assistant Federal Public Defender, appointed in December of 2004. Mr. Wurtz filed a number of pretrial motions. In response to the defendant's expressed dissatisfaction with Mr. Wurtz's advice and assistance, counsel filed a motion to withdraw in March of 2005 (Dk. 25) which was granted (Dk. 28). The defendant was appointed another

experienced criminal defense attorney, Jason Hoffman, who filed a motion to withdraw just three months later as the defendant did not believe counsel was effectively representing him. (Dk. 38). This motion was granted (Dk. 40), and the court appointed the current defense counsel.

The motion to withdraw fails to show a total breakdown in communications. At most, the defendant is disappointed with the court's ruling on the double-counting issue and blames his attorney for the undesirable ruling. He refuses to accept the court's ruling as final on this issue or even to listen to his counsel's explanation of the court's ruling. Defense counsel has fully presented the defendant's position on this double counting issue, and this issue is adequately preserved for appeal. At sentencing, the defendant also will have the opportunity to address the court. The court is not convinced that a severe and pervasive conflict exists between counsel and the defendant or that counsel will be unable to communicate meaningfully with his client despite the defendant's refusal to accept the court's prior ruling and counsel's reasonable explanation of it. The motion to withdraw as counsel is denied.

IT IS THEREFORE ORDERED that the defendant's motion to withdraw guilty plea (Dk. 64) and defense counsel's motion to withdraw as attorney of record (Dk. 65) are denied.

Dated this 11th day of July, 2006, Topeka, Kansas.


                                <u>s/ Sam A. Crow</u>
                                Sam A. Crow, U.S. District Senior Judge