IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

Vs.                                                   No.  04-40154-01-SAC

PAUL PADILLA-RODRIGUEZ,

Defendant.


MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion
under 28 U.S.C. § 2255 to vacate, set aside or correct sentence, (Dk. 101),
and on the government's motion to enforce the plea agreement (Dk. 103).
In his § 2255 motion, the defendant argues ineffective assistance of
counsel in that his plea was not knowing and voluntary because an
interpreter was not provided to translate the plea agreement, in that his
motion to withdraw the guilty plea failed to state he wanted to go to trial to
present his case, and in that his attorney's motion to withdraw as counsel
failed to state the defendant's reasons for wanting a new attorney.

The government moves to enforce the plea agreement that
provides the defendant waives his right to "collaterally attack any matter in
connection with this prosecution, conviction and sentence"  including "a

motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]."  (Dk. 50, p. 16).  The defendant responds that the plea agreement waiver does not bar him from "rais[ing] a Sixth Amendment Violation concerning performance of counsel."  (Dk. 104).  The defendant also asks for an evidentiary hearing on his ineffective assistance of counsel claims.

Charged in a two-count indictment with illegal reentry of a deported alien previously convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), and with possession with the intent to distribute approximately 42 pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1), the defendant Paul Padilla-Rodriguez on October 4, 2005, pleaded guilty to aggravated illegal reentry.  (Dks. 49 and 50).  Approximately seven months later, the defendant moved to withdraw his plea and go to trial, as he was dissatisfied with the guideline sentencing range of 70 to 87 months recommended in the presentence report ("PSR") and with the district court's overruling of his objections to the PSR.  (Dk. 64).  The district court denied his motion and attached to its order the defendant's personal letter to the court in which he separately discusses his reasons for the motion, his arguments against the PSR, and his

expectation of a sentence of thirty-six months.  (Dk. 75).

In that same order, the court denied defense counsel's motion to withdraw noting that the defendant's first two appointed counsel had withdrawn based on the defendant's dissatisfaction with them.  (Dk. 75). The court also held:

> The motion to withdraw fails to show a total breakdown in communications.  At most, the defendant is disappointed with the court's ruling on the double-counting issue and blames his attorney for the undesirable ruling.  He refuses to accept the court's ruling as final on this issue or even to listen to his counsel's explanation of the court's ruling.  Defense counsel has fully presented the defendant's position on this double counting issue, and this issue is adequately preserved for appeal.  At sentencing, the defendant also will have the opportunity to address the court.  The court is not convinced that a severe and pervasive conflict exists between counsel and the defendant or that counsel will be unable to communicate meaningfully with his client despite the defendant's refusal to accept the court's prior ruling and counsel's reasonable explanation of it. The motion to withdraw as counsel is denied.

(Dk. 75, p. 13).  On July 13, 2006, the court sentenced the defendant to 70 months' custody.

The defendant appealed his conviction and sentence.  The government moved to enforce the appeal waiver in the plea agreement. The defendant "responded that the motion should be denied because he did not knowingly and voluntarily waive his appellate rights and enforcing the plea agreement would result in a miscarriage of justice."  (Dk. 98, p. 3).

The Tenth Circuit granted the government's motion and dismissed the appeal.  The panel found that the defendant had not carried his burden of proving he did not understand the waiver.  Instead, the record on appeal sustained a finding that the "defendant's appeal waiver was knowingly and voluntarily given."  *Id.* at 4-5.  The panel also found that the defendant had not demonstrated any miscarriage of justice resulting from the waiver's enforcement.  "[T]he sentence imposed by the district court complied with the terms of the plea agreement and with the understanding of the plea defendant expressed at the plea hearing."  *Id.* at 6.

The government now moves to enforce the defendant's waiver of his right to collaterally attack the prosecution, conviction and sentence subject only to the limitation in *United States v. Cokerham*.  The defendant's only response is that he did not waive his right in the plea agreement to raise a Sixth Amendment violation based on his counsel's performance.  The defendant follows this with a blanket request for an evidentiary hearing on his ineffective assistance of counsel claims.

Under 28 U.S.C. § 2255(b) , "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court is to "grant a prompt hearing thereon, determine the issues

4

and make findings of fact and conclusions of law with respect thereto."  "To be entitled to an evidentiary hearing on claims raised in a habeas petition, the petitioner must allege[ ] facts which, if proved, would entitle him to relief."  *Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir.1995) (quotation and citations omitted), *cert. denied*, 517 U.S. 1235 (1996), *overruled on other grounds*, *Daniels v. United States*, 254 F.3d 1180, 1188 n. 1 (10th Cir.2001).  "[T]he allegations must be specific and particularized, not general or conclusory."  *Hatch*, 58 F.3d at 1471 (citation omitted).  The defendant has failed to allege specific and particular facts in support of the issues raised in his motion.  At this juncture, the defendant's summary request for an evidentiary hearing is denied.

A court need not "hesitate to 'hold a defendant to the terms of a lawful plea agreement.'"  *United States v. Sandoval*, 477 F.3d 1204, 1206 (10th Cir.2007) (quoting United States v. Atterberry, 144 F.3d 1299, 1300 (10th Cir.1998)).  "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."  *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir.2001), *cert. denied*, 534 U.S. 1085 (2002).  Exceptions to the

5

general rule include "where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful." Id. at 1182-83.  Moreover, "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id.* at 1187.  All other ineffective assistance of counsel claims fall within the scope of a proper waiver.  *Id.* at 1187.  Thus, the Tenth Circuit looks to the following factors on the enforceability of such waivers: (1) whether the issues in dispute come within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice.  *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

In determining the scope of the waiver, the court follows basic contract principles strictly construing the waiver and reading any ambiguities against the government and in favor of the defendant.  *Hahn*, 359 F.3d at 1324-25.  The plea agreement here plainly and clearly states that the defendant "waives any right to . . . collaterally attack any matter in connection with this prosecution, conviction and sentence" and "also

6

waives any right to challenge a sentence . . . in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255" unless it is a matter that may not be waived under *Cockerham*. (Dk. 50, p. 16). The court does not have before it any offered interpretation to contradict the straightforward reading and application of this waiver here or to suggest any troubling ambiguity.

The plea agreement waiver plainly encompasses all collateral challenges, including any § 2255 motion, to the prosecution, conviction and sentence.  The defendant summarily disputes that the waiver precludes him from raising constitutional challenges to his counsel's performance. The waiver plainly does foreclose such challenges except for as recognized in *Cockerham* any ineffective assistance of counsel claims challenging the validity of his plea or the waiver.  As appearing in his § 2255 motion, the defendant's claims for his counsel's alleged ineffectiveness in drafting and arguing the motion to withdraw the guilty plea and the motion to withdraw as counsel plainly fall within the scope of the plea agreement waiver.  The plaintiff, however, does challenge his counsel's representation during the plea in "not providing an interpreter to translate for defendant so he would understand the plea he was signing."

7

(Dk. 101, p. 4).  Even though the defendant does not allege with any specificity what he did not understand in the plea agreement or how the lack of a translator rendered his plea involuntary, the court cannot say at this time that the defendant's claim does not relate to the validity of the plea.  Thus, grounds two and three of the defendant's § 2255 motion plainly fall within the scope of the plea agreement waiver, but ground one appears to be subject to the *Cockerham* exception.

        The defendant does not argue nor attempt to prove that his waiver was not knowing and voluntary.  *United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir.2003).   On direct appeal, the Tenth Circuit found the defendant's "waiver was knowingly and voluntarily given."  (Dk. 98, p. 5). There is no contention or factual basis for finding that the enforcement of the waiver provision would result in a miscarriage of justice.  The defendant has not carried his burden in this regard.  Finding that grounds two and three of the defendant's § 2255 motion come within the scope of the defendant's knowing and voluntary waiver in the plea agreement, the court enforces the defendant's waiver of his right to a collateral attack and sustains the government's motion.

        As for the remaining ground one of the defendant's motion, the

8

court directs the defendant to file his memorandum and any relevant materials permitted by Rule 7 of the Rules Governing Section 2255 Proceedings with the court no later than October 13, 2008, and the government shall have until November 10, 2008, to file its response.

IT IS THEREFORE ORDERED that the government's motion to enforce the plea agreement (Dk. 103) is granted in part and grounds two and three of the defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dk. 101) are dismissed;

IT IS FURTHER ORDERED that with respect to ground one of the defendant's motion, the defendant shall have until October 13, 2008, to file his memorandum and Rule 7 materials, and the government shall have until November 10, 2008, to file its response.

Dated this 9th day of September, 2008, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

9